IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-00314-01-CR-W-SRB |
| ) | |
| NAPOLEON J. BACON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On November 4, 2020, the grand jury returned a six-count indictment charging Defendant Napoleon Bacon with five counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2; and one count of Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a). Doc. 10. Defendant was arraigned on November 19, 2020. Doc. 14.

On January 21, 2021, counsel for Defendant filed a Motion for Determination of Competency pursuant to 18 U.S.C. § 4241 and Rule 47 of the Federal Rules of Criminal Procedure. Doc. 19. On January 22, 2021, the Court held a status conference with the attorneys in this matter. Doc. 20. That same day, defense counsel filed an Amended Motion for Determination of Competency. Doc. 21.

Pursuant to 18 U.S.C. § 4241, the amended motion asks for a judicial determination of Defendant's competency to stand trial. *Id.* at 1. Counsel moves the Court to order a psychological examination of Defendant, and that the report be filed with the Court as to Defendant's mental ability to understand the proceedings presently pending against him and to properly assist counsel in his own defense. *Id.* at 1-2. The amended motion state, in relevant part, the following:

> Counsel has been advised that Mr. Bacon has been prescribed mental health medications. Earlier this week, Mr. Bacon stopped taking medication, and has also stopped taking food or liquids including water. CoreCivic, where Mr. Bacon is housed, has initiated both "hunger strike protocol" and suicide watch. As of today's date, Mr. Bacon has been without food or water for more than three days. Counsel believes there may be a mental disease or defect that is playing a part in the conduct and actions of the defendant. As a result of all of these factors, it is believed that the defendant would benefit from a period of observation, testing, and evaluation by a competent examiner to determine what, if any treatment may be necessary to allow the defendant to competently assist in his own defense.

*Id.* at 2. Defense counsel asks the Court to "order a psychological examination to be conducted by a qualified professional who is able to easily travel to CoreCivic in Leavenworth, Kansas to conduct the evaluation." *Id*. Counsel contends an examination by a local qualified forensic examiner and delivery of that examiner's report to the Court would occur before Defendant could be transferred to a Federal Bureau of Prisons facility for evaluation. *Id*. at 2-3. Defense counsel also expresses concern about transporting Defendant in his current medical state, noting he "may not be able to tolerate travel at this time, as his body is already becoming fragile in response to the lack of food and hydration." *Id*. at 3.

The Government "agrees with the request for an evaluation and fully recognizes the urgency in this matter." *Id*. But the Government is concerned about a local evaluation "for a variety of reasons, not the least of which is the statutory authority for such." *Id*. In addition, the Government states it has no control over who is selected to conduct the evaluation, does not know the individual's qualifications, and cannot control the cost of a local examination, which the Office of the Attorney General for the Western District of Missouri will have to pay. *Id*.

The Court also finds there is reasonable cause to believe Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. This determination is based on information included in the

amended motion, information provided by defense counsel during the hearing on January 22, 2021, and the bond report prepared by the Pretrial Services Office, which relays Defendant's self-reported history of mental health issues (Doc. 7, at 2).  Accordingly, the Court GRANTS the Amended Motion for Determination of Competency (Doc. 21).[1]

The Court must now turn to the question of where the evaluation is to be conducted.  "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist."  18 U.S.C. § 4247(b).  If the examination is conducted pursuant to 18 U.S.C. § 4241, which is requested in the amended motion, "the court **may** commit the person to be examined for a reasonable period, but not to exceed thirty days . . . to the custody of the Attorney General for placement in a suitable facility."  *Id.* (emphasis added).

Several courts, including the Eighth Circuit Court of Appeals, have recognized district courts have discretion in deciding whether to commit a defendant to the Attorney General's custody for the preliminary competency determination.  *See United States v. Ferro,* 321 F.3d 756, 761 (8th Cir. 2003); *United States v. McKown*, 930 F.3d 721, 727 (5th Cir. 2019), *cert. denied,* 140 S. Ct. 2518 (2020); *United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008).[2]  Based on the information provided, the Court determines it would be best for Defendant to be examined by a licensed or certified psychiatrist or psychologist who can examine Defendant at CoreCivic, where Defendant is currently housed.

---

[1] The initial Motion for Determination of Competency (Doc. 19) will be DENIED AS MOOT upon entry of this Order.

[2] In addition, the Justice Manual for the United States Department of Justice states "incompetency (Section 4241) and insanity (Section 4242) studies should, wherever possible, be done in the community by local psychologists/psychiatrists, with commitments to the custody of the Attorney General being reserved for those individuals who cannot safely be examined in the community."  U.S. Dep't of Just., Just. Manual § 8 (2018), also available at https://www.justice.gov/jm/organization-and-functions-manual-8-bureau-prisons (last visited Jan. 25, 2021).  According to the Justice Manual, this practice is advised because the requirements of administering sections 4241 through 4247 "stretch the Bureau of Prison's mental health resources to their limits."  *Id.*

For the foregoing reasons, it is

ORDERED that Defendant shall under a psychological examination, pursuant to 18 U.S.C. § 4241(b), to be conducted by Jeannette Simmons, PsyD, 3041 South 22nd Street, St. Joseph, MO 64503. Dr. Simmons shall examine Defendant at CoreCivic in Leavenworth, Kansas, at her earliest convenience to determine whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[3] It is further

ORDERED that Dr. Simmons be permitted to bring a laptop or tablet into CoreCivic to aid in conducting the examination. It is further

ORDERED that the United States Probation and Pretrial Services Office for the Western District of Missouri is authorized to provide and shall provide information in its possession concerning Defendant to Dr. Simmons. It is further

ORDERED that, upon completion of the examination ordered herein, Dr. Simmons shall prepare a report for filing with the Court in accordance with 18 U.S.C. § 4247(c). It is further

ORDERED that, upon the filing of Dr. Simmons's report, a hearing shall be held to determine whether Defendant is presently suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

DATE: January 25, 2021     */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE

---

[3] Dr. Simmons informed the Court that her hourly rate is $150 for all services, including but not limited to evaluation of Defendant, preparing the report, travel, and court appearances.