# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-00314-01-CR-W-SRB |
| NAPOLEON JAMAHAL BACON, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On January 22, 2021, counsel for Defendant Napoleon Bacon filed an amended motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 21. Defendant also requested that said mental evaluation be conducted "by a qualified professional who is able to easily travel to CoreCivic in Leavenworth, Kansas to conduct the evaluation." *Id*. at 2. Counsel stated an examination by a local qualified forensic examiner and delivery of that examiner's report to the Court could occur before Defendant was transferred to a Federal Bureau of Prisons facility for evaluation. *Id*. at 3. On January 25, 2021, the Court granted the motion. Doc. 23. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id*.

On January 29, 2021, the Court received a report from Jeanette M. Simmons, Psy.D. who concluded it was "possible [Defendant] [was] suffering from a psychiatric condition . . . but this will only be able to be determined following a period of observation and assessment in a setting with mental health staff." Doc. 24 at 2. Dr. Simmons recommended Defendant be placed in a "medical/mental health setting for ongoing observation to determine his mental status and ascertain if he is suffering from a mental health condition that would preclude his ability to

Case 4:20-cr-00314-SRB    Document 40    Filed 11/12/21    Page 1 of 3

understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id*. at 2-3.

After a status conference with the attorneys of record, the Court committed Defendant to the custody of the Attorney General for placement in a suitably facility to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). Docs. 28-29. Defendant was designated to the Federal Detention Center – Miami for psychiatric evaluation. By letter dated June 10, 2021, the Warden of said facility requested an extension to complete the examination. Doc. 32. This Court granted the requested extension and ordered the examination report to be sent to the Court by no later than August 9, 2021. Doc. 33.

On September 17, 2021, the Court received a psychological report from Michael Coffman, Psy.D., who concluded there is "no indication [Defendant] is presently suffering from the active phase of a mental illness which would interfere with his trial competency." Doc. 35 at 10.[1] In particular, Dr. Coffman noted Defendant "demonstrates a factual and rational understanding of the charges against him, has an understanding of courtroom proceedings, and demonstrates the capacity to assist his attorney in his own defense." *Id*.

On November 5, 2021, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 39. Counsel for the Government, Mike Green, counsel for Defendant, Carie Allen, and Defendant all appeared in person. Counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Coffman's psychological report as if Dr. Coffman had appeared in person and testified under oath. *Id*. at 3. No additional evidence was offered by the Government or by Defendant. *Id*. Based on the record before the Court, including Dr. Coffman's report (Doc. 35), it is

---

[1] A copy of the report was provided to and reviewed by counsel for Defendant and the Government.

2

Case 4:20-cr-00314-SRB    Document 40    Filed 11/12/21    Page 2 of 3

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: November 12, 2021

/s/ *W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE